MARY ANN JACKSON, Appellant, *v.* SARAH P. BADGER *et al.*, Respondents.

*Court of Appeals, April* 10, 1888.

Affirming same case, 37 Hun, 643, Mem.

1. *Fraud. Question of fact.*—Where the circumstances admitted in evidence as bearing upon the question of fraud are not so unequivocal as to compel an inference of fraud, but can exist consistently with an innocent intent and an honest purpose, it should properly be treated as a question of fact.
2. *Same.*—The fact of a conveyance of land does not alone, in the absence of other proof, warrant a finding of fraud as against the creditors of the grantor.

Action to set aside certain deeds as fraudulent.

Appeal from a judgment of the general term of the supreme court, affirming a judgment in favor of the defendant entered upon an order dismissing the complaint.

*Thos. Darlington*, for appellant.

*Jno. J. Enright*, for respondent.

FINCH, J.—The question of fraud in this case was one of fact. The circumstances admitted in evidence as bearing upon that inquiry were not so unequivocal as to compel an inference of fraud, but could exist consistently with an innocent intent and an honest purpose. The conveyance assailed was that made by Mrs. Badger to Warren, and by the latter back to her as trustee for her daughter. At the date of this transfer, an action of foreclosure was pending, in which a personal judgment for any deficiency was asked against Mrs. Badger. There was thus outstanding a contingent liability which might or might not ripen into a debt. But when she conveyed to Warren, she declares she was

ignorant of the foreclosure claim, and all parties seem to have been confident that no deficiency would result, and that the premises were an adequate security for the mortgage, and would sell for its amount. It was further claimed that the deed to Warren was voluntary. That fact, if true, did not warrant, in the absence of other proof, a finding of fraud. But the evidence that it was voluntary is not all one way. The deed to Warren recited a consideration of $9,000. It appeared that Mrs. Badger had borrowed considerable sums of Warren for the benefit of her husband, and that something was given for the deed, though what, neither party appeared able to state. It was disclosed that the land in question had been originally given to her by her husband through Warren. Apparently that was a gift from him to her, which by the conveyance attacked was changed to title in her as trustee for her daughter. The plaintiff's debt was not contracted in any reliance upon her ownership, and the creditor has no equity against the land. What was meant as a means of support for mother and daughter is sought to be diverted to the payment of an unexpected debt of the mother. Upon this state of the case, the inference of intended fraud does not arise as matter of law. It is by no means an inevitable conclusion, and should properly be treated as a question of fact.

The finding that the transfer was not with a fraudulent intent was one possible and quite reasonable upon the facts disclosed, and is conclusive upon us.

The judgment should therefore be affirmed with costs.

All concur.